1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11                                ----oo0oo----

12   ELNORA COLLINS,                    CIV. NO. 2:16-2023 WBS EFB

13              Plaintiff,

14   v.

15   AMTRAK NATIONAL RAILROAD
     PASSENGER CORPORATION and
16   DOES 1 through 10, inclusive,

17              Defendant.

18

19                                ----oo0oo----

20

21                    STATUS (PRETRIAL SCHEDULING) ORDER

22              After reviewing the parties' Joint Status Report, the

23   court hereby vacates the Status (Pretrial Scheduling) Conference

24   scheduled for January 3, 2017, and makes the following findings

25   and orders without needing to consult with the parties any

26   further.

27        I.   SERVICE OF PROCESS

28              The named defendant has been served, and no further

                                      1

1   service is permitted without leave of court, good cause having

2   been shown under Federal Rule of Civil Procedure 16(b).

3                    II.   JOINDER OF PARTIES/AMENDMENTS

4                    No further joinder of parties or amendments to

5   pleadings will be permitted by any party except with leave of

6   court, good cause having been shown under Federal Rule of Civil

7   Procedure 16(b).   See Johnson v. Mammoth Recreations, Inc., 975

8   F.2d 604 (9th Cir. 1992).

9                    III. JURISDICTION/VENUE

10                   Jurisdiction is predicated upon federal question

11  jurisdiction, 28 U.S.C. § 1331, and 28 U.S.C. § 1349.[1]  Venue is

12  undisputed and hereby found to be proper.

13                   IV.  DISCOVERY

14                   The parties shall serve the initial disclosures

15  required by Federal Rule of Civil Procedure 26(a)(1) by no later

16  than February 3, 2017.

17                   The parties shall disclose experts and produce reports

18  in accordance with Federal Rule of Civil Procedure 26(a)(2) by no

19  later than June 2, 2017.  With regard to expert testimony

20       [1]   28 U.S.C. § 1349 provides that district courts "shall
21  not have jurisdiction of any civil action by or against any
     corporation upon the ground that it was incorporated by or under
22  an Act of Congress, unless the United States is the owner of more
     than one-half of its capital stock."  28 U.S.C. § 1349.
23       "Congress incorporated the National Railroad Passenger
     Corporation ('Amtrak') in 1970.  Because a majority of the
24  capital stock of Amtrak is owned by the United States, the
     federal courts have subject matter jurisdiction over any action
25  involving Amtrak."  Hollus v. Amtrak Ne. Corridor, 937 F. Supp.
     1110, 1113 (D.N.J. 1996) (internal citations omitted); see also
26  Chiwewe v. Burlington N. & Santa Fe Ry. Co., No. 02-0397 JP/LFG-
     ACE, 2002 WL 31924776, at *2 (D.N.M. Aug. 21, 2002) (same);
27  Estate of Wright By & Through Johnson v. Illinois Cent. R. Co.,
     831 F. Supp. 574, 574 (S.D. Miss. 1993) (same).
28

1   intended solely for rebuttal, those experts shall be disclosed

2   and reports produced in accordance with Federal Rule of Civil

3   Procedure 26(a)(2) on or July 5, 2017.

4          All other discovery, including depositions for

5   preservation of testimony, is left open, save and except that it

6   shall be so conducted as to be completed by November 3, 2017.

7   The word "completed" means that all discovery shall have been

8   conducted so that all depositions have been taken and any

9   disputes relevant to discovery shall have been resolved by

10  appropriate order if necessary and, where discovery has been

11  ordered, the order has been obeyed.  All motions to compel

12  discovery must be noticed on the magistrate judge's calendar in

13  accordance with the local rules of this court and so that such

14  motions may be heard (and any resulting orders obeyed) not later

15  than November 3, 2017.

16          V.   MOTION HEARING SCHEDULE

17          All motions, except motions for continuances, temporary

18  restraining orders, or other emergency applications, shall be

19  filed on or before December 4, 2017.  All motions shall be

20  noticed for the next available hearing date.  Counsel are

21  cautioned to refer to the local rules regarding the requirements

22  for noticing and opposing such motions on the court's regularly

23  scheduled law and motion calendar.

24          VI.  FINAL PRETRIAL CONFERENCE

25          The Final Pretrial Conference is set for February 12,

26  2018, at 1:30 p.m. in Courtroom No. 5.  The conference shall be

27  attended by at least one of the attorneys who will conduct the

28  trial for each of the parties and by any unrepresented parties.

3

1    Counsel for all parties are to be fully prepared for
2  trial at the time of the Pretrial Conference, with no matters
3  remaining to be accomplished except production of witnesses for
4  oral testimony.  Counsel shall file separate pretrial statements,
5  and are referred to Local Rules 281 and 282 relating to the
6  contents of and time for filing those statements.  In addition to
7  those subjects listed in Local Rule 281(b), the parties are to
8  provide the court with: (1) a plain, concise statement which
9  identifies every non-discovery motion which has been made to the
10  court, and its resolution; (2) a list of the remaining claims as
11  against each defendant; and (3) the estimated number of trial
12  days.

13    In providing the plain, concise statements of
14  undisputed facts and disputed factual issues contemplated by
15  Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
16  that remain at issue, and any remaining affirmatively pled
17  defenses thereto.  If the case is to be tried to a jury, the
18  parties shall also prepare a succinct statement of the case,
19  which is appropriate for the court to read to the jury.

20    VII.  TRIAL SETTING
21    A jury trial is set for April 10, 2018 at 9:00 a.m.
22  The parties estimate that trial will last five to seven days.

23    VIII.  SETTLEMENT CONFERENCE
24    A Settlement Conference will be set at the time of the
25  Pretrial Conference.  All parties should be prepared to advise
26  the court whether they will stipulate to the trial judge acting
27  as settlement judge and waive disqualification by virtue thereof.
28    Counsel are instructed to have a principal with full

1    settlement authority present at the Settlement Conference or to

2    be fully authorized to settle the matter on any terms.  At least

3    seven calendar days before the Settlement Conference counsel for

4    each party shall submit a confidential Settlement Conference

5    Statement for review by the settlement judge.  If the settlement

6    judge is not the trial judge, the Settlement Conference

7    Statements shall not be filed and will not otherwise be disclosed

8    to the trial judge.

9              IX.  MODIFICATIONS TO SCHEDULING ORDER

10             Any requests to modify the dates or terms of this

11   Scheduling Order, except requests to change the date of the

12   trial, may be heard and decided by the assigned Magistrate Judge.

13   All requests to change the trial date shall be heard and decided

14   only by the undersigned judge.

15   Dated:  December 28, 2016

16                                   WILLIAM B. SHUBB
                                    UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28